IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03315-BNB

JOHN W. PEROTTI,

    Applicant,

v.

WARDEN CHARLIE DANIELS, and
OHIO ADULT PAROLE AUTHORITY (OAPA),

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, John W. Perotti, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. On December 16, 2011, Mr. Perotti submitted **pro se** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

    The Court must construe the application liberally because Mr. Perotti is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Perotti will be ordered to file an amended application.

    Mr. Perotti asserts two confusing claims. It is not clear whether he is attempting to assert claims pursuant to 28 U.S.C. § 2241 that challenge the execution of his conviction and sentence. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000).

He also appears to be asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because he appears to be challenging the conditions of his confinement, specifically his classification and placement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). To the extent Mr. Perotti is challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to § 2241. To the extent he is challenging the conditions of his confinement, he must do so in a separate *Bivens* action.

The amended application Mr. Perotti will be directed to file must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Perotti go beyond notice pleading. *See Blackledge v. Allison*,

431 U.S. 63, 75 n.7 (1977).  Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action.  **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  In the amended application, Mr. Perotti must allege both the constitutional claims he seeks to raise and the specific facts to support each asserted claim.

The only proper respondent to a habeas corpus action is the applicant's custodian.  **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995).  Therefore, the Ohio Adult Parole Authority does not appear to be a proper party to this action.

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  **See** D.C.COLO.LCivR 10.1E. and G.  The application Mr. Perotti filed is difficult to read because it is written in a nearly unintelligible script.  The amended complaint Mr. Perotti will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Accordingly, it is

ORDERED that Applicant, John W. Perotti, file **within thirty days from the date of this order** an amended application on a Court-approved form.  It is

FURTHER ORDERED that Mr. Perotti shall obtain the Court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Perotti fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED January 5, 2012, at Denver, Colorado.

                        BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge