IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03315-BNB

JOHN W. PEROTTI,

    Applicant,

v.

WARDEN CHARLIE DANIELS, and
OHIO ADULT PAROLE AUTHORITY (OAPA),

    Respondents.

---

ORDER DENYING MOTION TO WAIVE USE OF COURT-APPROVED FORM AND
DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

    Applicant, John W. Perotti, is a prisoner in the custody of the United States Bureau of Prisons who was incarcerated at the United States Penitentiary (USP), High Security, in Florence, Colorado, when he initiated this action on December 16, 2011, by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Mr. Perotti subsequently informed the Court that he has been transferred to the USP - Canaan, P.O. Box 300, Waymart, PA 18472.  *See* ECF No. 11.

    On January 5, 2012, the Court ordered (ECF No. 3) Mr. Perotti to file within thirty days an amended § 2241 application on the Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, sued the proper Respondent, and complied with the legibility requirements of Rule 10.1 of the Local Rules of Practice for this Court.  On January 18, 2012, Mr. Perotti filed an amended habeas corpus application (ECF No. 7) not on the Court-approved form.  On

January 20, 2012, the Court entered a minute order (ECF No. 8) allowing Mr. Perotti an additional thirty days in which to file an amended application that was on the Court-approved form and legible to read. On February 16, 2012, Mr. Perotti filed a motion (ECF No. 10) asking the Court to waive the requirement that he use the § 2241 form because he lacked access to the form and believed the amended § 2241 application he filed followed the format of the Court-approved form.

The Court will deny the motion to waive the requirement that Mr. Perotti use the § 2241 form. Despite Mr. Perotti's belief to the contrary, the amended § 2241 application he filed does not follow the detailed format of the Court-approved § 2241 form, which is designed to assist the Court with obtaining the information needed to address his claims. Moreover, D.C.COLO.LCivR 8.1A. requires that "[a] pro se party shall use the forms established by this court to file an action."

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it

was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Therefore, Mr. Perotti will be allowed one final opportunity to comply with the January 5 order for an amended application on the Court-approved § 2241 form. If Mr. Perotti fails to do so within the time allowed, the Court will deny the amended application and dismiss this action. Mr. Perotti should name his custodian, i.e., his warden, as Respondent in the line provided on the caption to the § 2241 form, and the second amended application must comply with the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.

Accordingly, it is

ORDERED that Applicant, John W. Perotti, file **within thirty days from the date of this order** a second amended application pursuant to 28 U.S.C. § 2241 that complies with the directives of the order of January 5, 2012. It is

ORDERED that the motion (ECF No. 10) to waive the requirement that Mr. Perotti use the Court-approved form in filing his second amended § 2241 application is denied. It is

FURTHER ORDERED that the motion (ECF No. 11) Mr. Perotti filed on February 16, 2012, is granted only to the extent he asks the Court to send him § 2241 forms. To the extent Mr. Perotti asks the Court to mail him copies of either motion (ECF Nos. 10 or 11) he filed on February 16, the motion (ECF No. 11) is denied. Mr. Perotti may obtain copies of the electronic documents filed in this action at a cost of fifty cents per page, to be paid in advance. Mr. Perotti is advised to keep his own copies of any documents that he submits to the Court because the Court' s electronic filing system does not allow the Court to maintain paper copies. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Perotti at the new address he has provided in ECF No. 11 the Court-approved § 2241 form, together with the applicable instructions, for use in submitting the second amended application. It is

FURTHER ORDERED that if Mr. Perotti fails within the time allowed to file the second amended application as directed, the amended application will be denied and the action dismissed without further notice.

DATED February 23, 2012, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge