IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03315-BNB

JOHN W. PEROTTI,

      Applicant,

v.

CHARLIE DANIELS, Warden, and
OHIO ADULT PAROLE AUTHORITY,

      Respondents.

_____

## ORDER OF DISMISSAL

_____

      Applicant, John W. Perotti, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at USP-Canaan in Waymart,

Pennsylvania.[1]  Mr. Perotti initiated this action by filing *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  He filed a second amended Application

on March 9, 2012 (ECF No. 20).  Mr. Perotti has paid the $5.00 filing fee.

      On March 19, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to

file a preliminary response limited to addressing the affirmative defense of exhaustion of

administrative remedies if Respondents intend to raise that defense in this action.  On

April 6, 2012, Respondent Ohio Adult Parole Authority filed a preliminary response (ECF

No. 29) arguing that Applicant's claim challenging the constitutionality of the parole

violator warrant and detainer should be dismissed for failure to exhaust state remedies

and as premature.  On April 16, 2012, Respondent Daniels filed an amended

_____

        [1]At the time Applicant initiated this action, he was incarcerated at USP-Florence, Colorado.

preliminary response (ECF No. 32) arguing that Applicant's claims challenging his
security classification and loss of good time credits should be dismissed for failure to
exhaust administrative remedies.  Mr. Perotti filed a Reply to both Responses.  (*See*
ECF Nos. 34 and 36).

The Court must construe Mr. Perotti's filings liberally because he is not
represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an
advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated
below, the Court will deny the second amended Application, and dismiss the action.

## I. Factual and Procedural Background

Mr. Perotti is serving a total maximum sentence of sixty years based on several
felony convictions in the Ohio state courts.  (ECF No. 29-1, at 4).  His most recent
parole date was June 25, 2004.  (*Id.*)  On February 8, 2006, the State of Ohio issued a
parole violator warrant for Mr. Perotti.  (ECF No. 29-1, at 1).  Applicant asserts that he
has never received a notice from the OAPA that his parole was revoked.  (ECF No. 20,
at 9 of 12).

On August 16, 2005, Applicant was convicted in the United States District Court
for the Northern District of Ohio of being a felon in possession of ammunition, in
violation of 18 U.S.C. § 922(g)(1).  *See United States v. Perotti*, 226 F. App'x 516 (6th
Cir. 2007).  He was sentenced to 210 months imprisonment as an armed career
criminal.  *Id.*; ECF No. 20, at 7 of 12.  The State lodged a detainer with the federal
authorities on April 20, 2006, based on the parole violator warrant.  (ECF No. 29-1, at
3).  In a letter dated April 5, 2012, an assistant attorney at the Ohio Attorney General's

Office advised the Ohio Department of Rehabilitation and Correction, Department of

Sentence Computation, that Mr. Perotti will not receive a revocation hearing on his

parole until he is released from his federal sentence and returned to Ohio.  (ECF No.

29-1, at 4).

Mr. Perotti alleges in the second amended Application that he was incarcerated

at various United States Penitentiaries before his transfer to USP-Florence on July 22,

2011.   He further alleges that after he was transferred to USP-Florence, he was placed

arbitrarily in the Special Housing Unit (SHU) pending an investigation for undisclosed

reasons.  Applicant states that on November 22, 2011, prison officials at USP-Florence

revoked 27 days of good time credits without justification.  He further alleges that

Respondents increased the level of detainer for his parole violations arbitrarily, which

resulted in an increase in his security classification.  Applicant asserts that he is

precluded from earning sentence reduction credits because of the higher security

classification and is ineligible for drug programs and for placement in a Residential Re-

entry Center of Community Corrections Center.  He further contends that Warden

Daniels is "maintaining him as a High/Max prisoner, rather than the medium security

prisoner that he is."  (ECF No. 20, at 8 of 12).

Mr. Perotti claims in the second amended Application that Respondent Daniels

has effectively extended his sentence without any procedural safeguards, in violation of

the Fifth Amendment Due Process Clause.  (ECF No. 20, at 3, 8 of 12 ).  He further

claims that the Ohio parole detainer is "false" and "devoid of due process" (*id.* at 2 of

12), and that Respondent OAPA "violat[ed] his parole without a due process hearing

extending his federal sentence.  (*Id.* at 11 of 12).

3

## II.  Failure to Exhaust State Remedies

Respondent OAPA argues that Applicant's claim(s) challenging the parole violator warrant and detainer must be dismissed for failure to exhaust state court remedies in Ohio.

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille*, 489 U.S. at 351.  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In Ohio, the OAPA has the authority to revoke parole if a parolee violates his release conditions.  *See* Ohio Admin. Code § 5120:1-1-17(A) and (B).  If the OAPA determines that revocation is the appropriate sanction, a hearing must by conducted in accordance with Ohio Admin. Code § 5120:1-1-18.  *See* Ohio Admin. Code § 5120:1-1-17(E).  Applicant may seek relief in the Ohio state courts if he is dissatisfied with the results of a parole revocation proceeding.  *See State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 652 N.E.2d 746 (Ohio 1995) (holding that remedy of habeas corpus is available to challenge a decision of the OAPA in extraordinary cases involving parole

4

revocation).

The documentation submitted in support of OAPA's Preliminary Response establishes that  the parole violator warrant has not been executed against Mr. Perotti because he is serving a federal prison term.  As such, his claim challenging the parole violator warrant is premature.  *See Moody v. Daggett*, 429 U.S. 78, 86 (1976) (holding that State is not required to hold a revocation hearing before the parolee is taken into custody as a parole violator because loss of liberty occurs only upon execution of the warrant); *United States v. Gomez-Diaz*, No. 10-4161, 415 F. App'x 890, (10th Cir. March 10, 2011) (citing *Moody*, and holding that any proceeding on defendant's violation of supervised release, for which the federal arrest warrant was issued, may wait until completion of his state sentence).  Applicant may raise any challenges to the parole violator warrant and potential parole revocation once he is taken into state custody on the warrant.  Accordingly, Mr. Perotti's claim challenging the OAPA's issuance of a parole violator warrant and detainer as a violation of his due process rights will be dismissed without prejudice as premature and for failure to exhaust state court remedies.

### III.  Failure to Exhaust Administrative Remedies

Respondent Daniels argues that Applicant's claims challenging his security classification and the forfeiture of good time credits should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986).  The exhaustion requirement is satisfied through proper use of the available

administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Perotti.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.  An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id.*

Applicant alleges in his second amended Application that he exhausted administrative remedies "on the security issue" in Administrative Remedy Nos. 643608 R1 and 6634729 R1.  (ECF No. 20, at 12 of 12).

## A.  Administrative Remedy No. 643608

Mr. Perotti asserts in the second amended Application that Respondents elevated the point level of his parole detainer, which raised his security classification,

6

and thereby rendered him ineligible to accrue sentence reduction credits. (ECF No. 20, at 8 of 12).

Mr. Perotti filed Administrative Remedy No. 643608 challenging his custody classification at the institutional and regional levels. (*See* Respondent Daniels' Amended Preliminary Response, Declaration of Kaitlin B. Turner (ECF No. 32-1), at ¶ 12(a)). Applicant then filed several appeals with the General Counsel. (*Id.* at ¶12(a)– (i)). The appeal was initially rejected on August 16, 2011, and again on September 27, 2011, for failure to submit a copy of the institution administrative remedy request and the warden's response. (*Id.* at ¶ 12(c) and (d), and attach. 3, at 3). Applicant resubmitted his appeal on November 7, 2011, but it was rejected as untimely by the Central Office because he failed to include justification for the late filing. (*Id.* at ¶ 12(e), and attach. 3, at 4). On November 15, 2011, the Central Office instructed Applicant that "staff must verify on BOP letterhead the reason(s) for which your untimely appeal is not your fault. Correct deficiency and resubmit." (*Id.*). Applicant resubmitted his appeal four more times. (*Id.* at ¶¶ 12(f), (g), (h), and (i), and attach. 3, at 4-7). He resubmitted his appeal for the last time on March 5, 2012. (*Id.* at ¶ 12(i), and attach 3, at 7). The Central Office rejected it on the ground that Mr. Perotti failed to provide copies of the institution administrative request and response, and the regional administrative remedy appeal and response. (*Id.*). Applicant was instructed to resubmit his appeal with the proper documents within fifteen days. (*Id.*). Applicant did not file a further appeal. (*Id.*, at ¶ 12(j), and attach. 1). Respondent emphasizes that because Applicant did not properly submit his appeal to the General Counsel, his appeal was not considered on the merits by the General Counsel. Therefore, Respondent argues, Applicant did not

7

exhaust his administrative remedies.

Applicant replies that on December 13, 2011, after he received the Central Office's November 15, 2011 Response, he resubmitted his appeal, along with a letter from Lt. Dixon at USP-Florence, that stated: "As of today's date, inmate Perotti, John, Reg. No. 39656-060 has had inadequate opportunity to review his legal paperwork do [sic] to emergency institutional needs."  (ECF. No. 34-1, at 9 of 14).  Applicant states that on January 19, 2012, while awaiting transfer to USP-Canaan at the Federal Transit Center, he received the January 18, 2012, rejection notice from the Central Office instructing him and USP-Florence staff to be more specific about "when the inmate received the legal material and when the inmate received the opportunity to review the legal material" (ECF No. 34, at 2 of 7; ECF No. 34-1, at 10-14).  Mr. Perotti alleges that he showed the staff at USP-Canaan the response from the Central Office.  On March 11, 2012, Applicant's case manager at USP-Canaan wrote a letter, which Applicant attached to his resubmitted appeal, stating that he was unable to provide the requested information because Applicant did not arrive at USP-Canaan until January 12, 2012. (ECF 34-1, at 12 of 14).  The Central Office responded on March 1, 2012, that Applicant's appeal was untimely and he must contact his unit team for assistance.  (*Id.* at 14 of 14).  Applicant asserts that staff at USP-Canaan refused to comply with this request and thereby prevented him from exhausting his administrative remedy. (Doc. No. 34, at 2 of 7).

An inmate is only required to exhaust those remedies that are available to him. *Garza*, 596 F.3d at 1203 ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."); *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th

8

Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 212) (applying PLRA's[2] exhaustion requirement); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  A remedy is not available when prison officials hinder, thwart, or prevent an inmate's attempts to exhaust that remedy. *Tuckel*, 660 F.3d at 1252 (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).  The Court must ensure that ensure that "any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  The inmate bears the burden of establishing that prison officials made an administrative remedy unavailable to him. *See Tuckel*, 660 F.3d at 1254.

Having reviewed the documents submitted by the parties, the Court finds that Mr. Perotti has failed to demonstrate that USP-Canaan officials rendered his administrative remedy unavailable.  Applicant's unsubstantiated, general and unsworn conclusory assertion in his Reply brief that "[s]taff at Canaan refused to [contact staff at USP-Florence]" so that he could resubmit his appeal to the Central Office, is inadequate to show that prison officials interfered with his efforts to comply with administrative remedy procedural requirements.  Furthermore, the documentation provided by Respondents indicates that Applicant resubmitted his appeal again on March 5, 2012, and it was rejected on a different ground.  Mr. Perotti does not explain why he did not attempt to resubmit his appeal after that date.

Moreover, Administrative Request No. 643608 does not address Applicant's claim challenging the increase in the level of parole detainer, which resulted in an

---

[2]Prison Litigation Reform Act, at 42 U.S.C. § 1997e(a).

increase in his security classification.  His request at the institutional and regional levels

alleged only that his unit team failed to give him credit for his program participation on

his custody classification form.  (*See* ECF 34-1, at 2-5 of 14).   The Court thus finds that

Mr. Perotti has not properly exhausted administrative remedies for his claim that

Respondent Daniels arbitrarily raised the level of his parole violator detainer, which

resulted in an increase in his security classification.  *See* 28 C.F.R. § 542.15(b)(2) ("An

inmate may not raise in an Appeal issues not raised in the lower level filings.").

Applicant also argues that exhaustion would be futile because previous courts

have held that the BOP violated the Administrative Procedure Act by not holding public

hearings or grant good time for program participation in the drug program.  (ECF No.

20, at 11 of 12).   The exhaustion requirement may be waived if exhaustion would be

futile.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  However, the futility

exception is narrow.  *See id.*  "Futility exists where resort to [administrative] remedies is

clearly useless."  *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th

Cir. 2011).  Furthermore, "conclusory allegations that pursuit of administrative remedies

would be futile . . . are insufficient to excuse [a] failure to exhaust."  *See Mackey v.

Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

The Court is not persuaded by Mr. Perotti's conclusory assertions that

exhaustion of administrative remedies would be futile.   Applicant fails to demonstrate

that the relief he seeks was not available in the administrative remedy procedure, had

he complied with administrative procedural requirements.   Indeed, the Central Office

gave him several opportunities to resubmit his appeal with the appropriate

documentation.   Therefore, Mr. Perotti's claim challenging his security classification will

be dismissed without prejudice for failure to exhaust administrative remedies.

**B.     Administrative Remedy No. 663729**

Mr. Perotti filed Administrative Remedy No. 663729, challenging risk assessment points he received which he asserts are preventing his transfer to FCI-Florence, at the institutional and regional levels.  (*See* ECF No. 32-1, at ¶ 13(a), and attach. 4, at 1-3). He alleges in the administrative remedy request that he was scored incorrectly in the area of program participation.  (Doc. No. 34-2, at 3 of 13).  Applicant's appeal to the General Counsel was rejected because he did not provide a copy of the institution administrative remedy request.  (*Id.* at ¶ 13(e)).  Applicant was instructed to resubmit his appeal in proper form, but he failed to do so.  (*Id.* at ¶¶ 13(e) - (f), and attach. 4, at 4; *see also* attach. 1).  Because Applicant did not submit his appeal to the General Counsel, it was rejected and was never considered on the merits by the General Counsel.  (*Id.* at ¶ 13(f)).  Therefore, Respondent Daniels argues, Applicant did not properly exhaust administrative remedies for his claim challenging the risk assessment points he was assigned.

Applicant replies that he did not provide a copy of his institution administrative remedy in his appeal to the Central Office because Warden Daniels had not returned it to him.  (ECF No. 34, at 6).  He further states that he has now received the document and has resubmitted his appeal, with institution administrative remedy request attached. (*Id.*).

Mr. Perotti concedes that he has not exhausted administrative remedies for a purported claim that an incorrect risk assessment point calculation is preventing his transfer to FCI-Florence.  The Court therefore finds that the claim is subject to dismissal

11

without prejudice for failure to exhaust administrative remedies.

Furthermore, the claim is not cognizable under 28 U.S.C. § 2241.   A § 2241 petition challenges the fact or duration of an inmate's confinement, not the conditions of his confinement. *See McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 812 (10th Cir.1997); *see also Nelson v. Campbell*, 541 U.S. 637 (2004) ("[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . . [s]uch claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983. . . . By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.")  "[I]f a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is [a civil rights lawsuit]." *McIntosh*, 115 F.3d at 812.

Mr. Perotti alleged in the administrative remedy request, and arguably alleges in the second amended Application, that his risk assessment points render him ineligible to be transferred to a lesser security facility within the BOP.   However, even if he obtained a favorable resolution of the claim, he would not automatically be entitled to release.  Thus, to the extent Mr. Perotti claims that he is entitled to a transfer to a lesser security prison, he must file his suit under *Bivens*[3] or 28 U.S.C. § 1331.  *See Palma-Salazar v. Davis*, ___ F.3d ___, 2012 WL 1511775, at **2-3 (10th Cir. 2012) (prisoner's challenge to his transfer to more restrictive environment within BOP prison system was

---

[3] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

12

not cognizable under § 2241, and must be brought pursuant to *Bivens*); *see also*

*Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-32, 1236 (10th Cir. 2005)

(stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over

federal prisoner's constitutional claims seeking injunctive relief against federal actors

concerning conditions of confinement).[4]  Mr. Perotti is advised that a federal prisoner

seeking relief for unlawful conditions of confinement under the civil rights laws must also

exhaust administrative remedies.  *See* 42 U.S.C. § 1997a(e).

## C.  Deprivation of 27 Days of Good Time Credits

As discussed above, Respondent Daniels argues that the Application must be

dismissed in its entirety for failure to exhaust administrative remedies.  The

documentation provided by the parties demonstrates that Applicant did not file an

administrative remedy request concerning the alleged deprivation of 27 days of good

time credits on November 22, 2011.[5]  (*See* ECF No. 32-1; 34-1, 34-2).  Because Mr.

Perotti failed to satisfy the exhaustion requirement through the proper use of available

administrative remedies, his claim challenging the deprivation of 27 days of good time

---

[4]The Court notes, by contrast, that Applicant's claim that he is ineligible to earn sentence reduction credits because the increase in the level of parole detainer elevated his security classification is potentially cognizable under §2241.  *See Wilson v. Jones*, 430 F.3d 1113, 1120-21, 1123 (10th Cir. 2005) (holding that disciplinary conviction which resulted in mandatory reduction in classification level that precluded prisoner's ability to earn credits against his sentence implicated a liberty interest entitled to due process protections because conviction inevitably affected the duration of prisoner's sentence) (internal citations and quotation marks omitted); *see also Palma-Salazar*, 2012 WL 1511775, at *6 n.2 (10th Cir. 2012) (holding that claim challenging transfer to ADX facility was not cognizable under § 2241 and noting that "[t]he record in this case makes clear that incarceration at ADX *does not itself affect an inmate's ability to earn good conduct time* or otherwise increase the length of an inmate's sentence or period of physical imprisonment.") (Emphasis supplied).

[5]The administrative record reflects that Applicant appealed one or more disciplinary convictions in October 2011, but those appeals did not address the alleged loss of good time credits Applicant suffered on November 21, 2011.  (*See* Doc. No. 32-1, attach. 1, at 39-40 of 52).

credits will be dismissed without prejudice so that he may pursue any remedies still available within the BOP.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that a certificate of appealability shall not issue because jurists of reason would not find it debatable whether the Application states a valid claim of the denial of a constitutional right and whether the Court is correct in its procedural ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Perotti may file a motion with the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _21st_ day of ____May_____, 2012.

BY THE COURT:


_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

15